Marvin, J.
The case of Charlotte Ober et al. v. George H. Hickox et *43 al., is a proceeding in partition. The parties to the case, eaoh of them, derive whatever rights they have in the property which it is sought to apart, as devisees under the will of .Tames M. Hiokox, deceased.
Every question iu the case has been disposed of by the court and parties advised of the disposition in court, except the construction to be given to this will.
The will is made up,-as admitted to prebate, of an original will and two codicils.
The original will was executed, as appears from its date, on December 14,1866. So far as any devise is made in this will, it reads:
“Having this day deeded to my daughter, Cornelia E. Martin, twenty-five acres of land in Geauga county, it is my desire that no part of my estate real or personal shall descend to be received by her of by her heirs through her,as I intend the land this day deeded to her,to be her full share of my estate, otherwise my estate to be distributed according to law.”
On January 81,1878, as appears from its date, the following instrument was executed by the testator James Hickox:
“Whereas my daughter,Evangeline C.Hickox,has recently married Myron Witherell, and whereas she has heretofore received from me certain advancements, it is my desire to make the following alterations in the foregoing will made by me on the fourteenth dav.of December, 1866.
“I do hereby, therefore, will and bequeath to her out of my estate the sum of one dollar as the full portion and share of my estate after my decease; the balance of the same to be distributed according to law, tc my remaining children, George H. Hickox, Larmon H. Hickox, Myron A. Hickox, Sarah J. Conrad, Charlotte A. Hickox and Rebecca W. Hickox.”
The testator had seven children, including Mrs. Martin who is named in the original will as the one to whom he had that day. conveyed twenty-five aores of land in Geauga county, by reason of which he made no bequest or devise to her. One of the seven childreu is the daughter Evangeline C^Hickox, recently married to Myron Witherell, and by the co *44 dicil — for, although it is uot designated as a codicil, it, internas, says that he makes “the following alterations in the-foregoing will” — Mrs. Myron Witherell is bequeathed one dollar, and it is provided that she is to have nothing more-out of the estate; and he says, “the balance of my estate is-to go according to law to my remaining children,” and then names five children, leaving out Mrs. Martin altogether, and-only giving to Mrs. Witherell the one dollar.
That is in exact accordance with his original will, except-as to Mrs. Witherell.
Later on, the date we have no means of knowing by anything that appears upon the codicil, or by any evidence before us except as can be gathered from one or two facts to which attention will be called — the second codicil was executed and,although this is not designated a codicil, it clearly was made as a codicil, because it refers to the preceding codiroil, and that not only is here referred to as a codicil, but it refers to the original will in turn.
This second codicil reads as follows:
“Having changed my mind in reference to the division of my property after my decease owing to the changes that have taken place in my family since the above codicil was made, I hereby will and bequeath to my daughter, Evangeline C. Witherell, the sum of one thousand dollars to be paid out of my estate as her full share and portion in the distribution thereof, the balance to be divided among my other heirs-according to law, * *
The question made here is as to who “the remaining-heirs” are, as used in this codicil. Did the testator mean “my children all other than Mrs. Witherell” to whom by this codicil he bequeaths one thousand dollars? Or did he-mean “the children other than the two named in the will- and the codicil, ” the one as having received by deed twenty-five acres of land in Geauga county, and the other as having received one thousand dollars.
We permitted evidenoe to be introduced as to what changes-had taken place, if any, in the testator’s family subsequent-to.the making of the first codicil. The only evidence offered! *45 on the subject, was testimony tending to shew that the testator was dissatisfied with the marriage which his daughter Evangeline made with Myron Witherell, for some reason— no reason is given; but for some reason he was dissatisfied; and that thereafter he Leoame reconciled to that daughter-before his death; whother before or after the making of this, codicil we can only infer from the language of this codioil by which he inoreases the amount which she should reoeive a thousand-fold, from one dollar to one . thousand dollars. Therefore, it is fair to infer and to say that he changed his-mind as to that daughter, for he increases her bequest a thousand-fold.
It is urged on behalf of Mrs. Martin that she is “one cf my remaining heirs”,as used in this second oodioil, because she was one of his children other than Mrs. Witherell.
The rules of ccnstructicn as to wills, which apply here, are familiar; that the entire will and codicil must be considered together, and if construed, effect must be given to the previsions of each of the instruments. The intention cf the testator is to govern. If it can be gained from the language of the instrument, it is to be gained from that.
But it is said that the word heirs, “my remaining heirs,”' by its own terms includes all the remaining ohildren.
Strictly that is not true. Strictly no man has any heir at all while he is living, if we are to be technical about the word heir as used. An heir at common law is one who, after his ancestor’s death, has a right to inherit all the intestate-estate; by descent, he inherits. But while living, a man strictly has no heir. So that the word heir, as here used, is not used in its strictest sense, but in common parlanoe it is used to denote children. Frequently it is said that one has an heir born into his family — an heir, a child, is born. And it is said that this was meant on the part of Mr.Martin. But it is not an unusual thing to use the word heir in another sense, to-wit:'“Those for whom I have made provision in my will. I have made my three oldest ohildren my heirs,and-excluded from heirship my two remaining children.”
Everybody would understand, if he used that language,. *46 -that he meant he had excluded from any benefit by testament, the two remaining children.
A. R. Odell, Counsel for Plaintiff.
I. E. Hershey, O. E. Pennewell, Counsel for Defendants.
In the first codicil, he gives to his “remaining children.”
In this second codicil he gives to his “other heirs.”
On the part of the other remaining children other than . Mrs. Martin, it is urged that he meant, by his “other heirs,” the children to whem he had bequeathed and devised .his property in the first codicil. And that is true, or else . this codicil was a complete will in itself and revoked all other wills, because, if he means to include all his other children by this second codicil, then all that preceded it is to be counted as nothing, for his entire property would be dis- . posed of by this'second codicil.
We think it clear, that he did not intend to do it; that he meant it as a codicil; that he meant the first codicil - should continue in force except as modified by _the second in regard to Mrs. Witherell. It is evident from the fact he refers to as the reason why he wants to change it, - that he meant the will should remain in force by the first -.-codicil,for he wants to make the change. And we think they were clearly intended by the testator to be construed together; and if construed together, and if the original will is to have any force at all in any way or manner, then this second codicil must be held, when it speaks of “his remaining hoirs”, as meaning those persons to whom by his first codioil he had given his property other than the one dollar ■ that he in that codicil gave to Mrs. Witherell.
We hold, therefore, that the estate to be apparted in this proceeding, is to be apparted to the children and their representatives, other than Mrs. Witherell and Mrs. Martin, and the decree will be taken accordingly.